Harper, J.
We think there was evidence enough to allow the copy from the register’s office to be given to the jury. In the case of Dingle v. Bowman, 1 M’Cord, 177, it was held, in reference to the act of 1731, (P. L. 133) which provides that “the records of all grants and deeds, duly proved before a justice of the peace, in the usual method, and recorded, or to be recorded, in the register’s office of this province, and also the attested copies thereof, shall be deemed as good evidence in law, and of the same force and effect as the original would have been, if produced, in all the Courts of law and equity that to authorize the copy from the registry to be given in evi. dence, there must be evidence of the loss of the original. It is hardly possible to give evidence of loss, without also giving evidence of the existence and the contents or general purport, to support the evidence of existence and contents afforded by the record. What is the evidence here ? First, there was the testimony of Norris, who was the heir at law of his mother, who heard that there was such a deed, but, being illiterate, does not know that he ever saw it. In the belief of its existence, however, he himself made no claim to the land, but contracted to sell it as his son’s, the intestate’s, and the purchaser went into possession under that contract, and has retained it unmolested ever since. This, I think, is strong proof of the deed’s existence. -Then there is the testimony of the administrator of Edward Norris, that the original was not fo be found among his intestate’s papers, where only it was natural to expect to find it. Supposing it to have been casually lost by the intestate in his life time, it is not probable that more satisfactory proof of the loss could have been afforded. The illiterateness of the father and natural guardian of the intestate, would prevent his being able to identify, or give any account of it. To him the custody of the deed would properly belong during his son’s minority. There may be questions as to the credit to be given to this testimony, or the .effect of it; but these are for the jury.
The motion is granted.
Johnson and O’Neall, Js, concurred.